## HATCH v. MOROSCO HOLDING CO., Inc.

### Claim of UNITED STATES.

District Court, S. D. New York. August 16, 1929.

Charles H. Tuttle, U. S. Atty., of New York City (Ernest Lappano, Asst. U. S. Atty., of New York City, and A. T. Clark, Sp. Atty., Bureau of Internal Revenue, of Washington, D. C., of counsel), for the United States.

F. Wright Moxley, of New York City, for receiver.

FRANK J. COLEMAN, District Judge. The claim which has been rejected by the special master is made by the United States for additional income taxes for the years 1919 and 1920, levied against the Morosco Theatre Company, Inc., which is not the defendant in this action. The defendant herein is the Morosco Holding Company, Inc., which is the owner of the entire capital stock of the taxpayer. It is undisputed that the government has a valid claim for $36,668, additional income taxes for the years 1919 and 1920, as against the Morosco Theatre Company, Inc., and that this was duly assessed against it in 1925.

The ground upon which it is sought to hold this defendant is that in 1921 the defendant took over the sole asset of the theater company, without paying to it any consideration whatsoever. This asset was a leasehold of a theater in New York City which was worth $60,000 in 1921. There was no formal assignment of the lease to the defendant, but the latter took possession of the theater in 1921 and operated it during the remainder of the term, keeping for itself the profits, which amounted to several hundred thousand dollars. The special master, in disallowing the claim, has found that there was a consideration given by the defendant for the leasehold of the theater, and that therefore defendant is not now liable for the theater company's previous indebtedness.

The leasehold was originally owned by Oliver Morosco, who transferred it to the theater company in 1916 in consideration of all its capital stock. In 1920 Morosco pledged the entire issue of stock of the theater company to secure a personal indebtedness of his, in the sum of $300,000. In 1921 the defendant was incorporated for the purpose of holding all the capital stock of the theater company, and Morosco at that time entered into an agreement with the defendant to transfer to it the entire issue which had previously been pledged for Morosco's personal indebtedness. In 1922 all of the stock of the theater company was transferred to the defendant, subject to the above pledge. Immediately upon its incorporation in 1921, the defendant took possession of the theater and operated it, as above stated. In 1923 the defendant paid to Morosco's personal creditor, to whom the theater company's stock had been pledged, the sum of $150,000, and thus redeemed the pledge, taking the stock for its own purposes.

It is plain that the $150,000 paid by the defendant to Morosco's personal creditor for the purpose of redeeming the pledged stock of the theater company in no way inured to the benefit of the theater company or its creditors. The theater company received no consideration whatever for the leasehold which was taken from it by its holding company; and the theater company's creditors were left without any assets from which to satisfy their claims. It may well be that there were no other creditors than the United States, but it had a valid claim against the theater company in less than the amount of the asset of which it was denuded.

The special master relied particularly upon the case of Fostoria Milling & Grain Co. v. Commissioner of Internal Revenue, 11 B. T. A. 1401; but in that case there was a consideration flowing to the taxpayer in an amount equal to the assets which were transferred; in the present case an asset worth $60,000 was transferred without any consideration to the taxpayer. It would be manifestly a fraud upon its creditors if they were,

by the act of this defendant in taking the sole asset, cut off from all means of satisfying their claims. The lien upon the capital stock of the theater company which defendant subsequently redeemed in no way prevented the theater company's creditors from reaching the $60,000 asset; and the $150,000 advanced to redeem the stock cannot be offset against the value of the leasehold; the creditors of the theater company would have come in ahead of the pledges of the stock, and they were in no way interested in its redemption.

Motion is therefore granted. Settle order on notice.